**Maher Conrad SUAREZ,
Plaintiff-Appellant,**

v.

**Scott KERNAN; et al., Defendants-Appellees.**

**No. 16-16902**

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2017 *

Filed July 19, 2017

Maher Conrad Suarez, Pro Se

Kevin Allen Voth, Deputy Attorney General, California Department of Justice, San Francisco, CA, for Defendants-Appellees

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

California state prisoner Maher Conrad Suarez appeals pro se from the district court dismissing his 42 U.S.C. § 1983 action alleging constitutional violations relating to his gang validation and placement in the administrative segregation unit and secured housing unit ("SHU") for an indefinite term. We review de novo a dismissal under Federal Rule of Civil Procedure 12(c). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). We affirm.

The district court properly dismissed Suarez's action as barred by the doctrine of claim preclusion because Suarez has previously litigated the same claims in California state court against the same parties or their privies. *See Furnace v. Giurbino*, 838 F.3d 1019, 1023-26 (9th Cir. 2016) (California habeas petition had claim preclusive effect on civil rights litigation because both actions challenged plaintiff's gang validation and SHU placement); *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim preclusive effect on civil litigation); *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of claim preclusion under California law and explaining that California's doctrine of claim preclusion is based on a primary rights theory).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.